(84 Misc. Rep. 518)

PEOPLE ex rel. LEHIGH VALLEY R. CO. v. SOHMER, Comptroller.

(Supreme Court, Special Term, Albany County. March, 1914.)

1. TAXATION (§ 493*)—FRANCHISE TAX—REVIEW BY CERTIORARI—CONDITIONS PRECEDENT.

It is a condition precedent to the right to a writ of certiorari, under Tax Law (Consol. Laws, c. 60) § 199, to review a franchise tax, that the amount of such tax be deposited with the state treasurer as required by section 200.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. §§ 876–883; Dec. Dig. § 493.*]

2. TAXATION (§ 493*)—FRANCHISE TAX—REVIEW BY CERTIORARI—CONDITIONS PRECEDENT.

Where, on an application for a writ of certiorari under Tax Law, § 199, to review a franchise tax, it is conceded that the amount thereof has not been deposited with the state treasurer as required by section 200, the application will be denied, though the relator, a foreign railroad corporation claims a credit for taxes unlawfully assessed against two domestic railroad corporations for the same years and paid by it, and it appears that each of such domestic corporations has assigned to relator its interest in any credits accruing out of such payments; the question whether the taxes assessed against the two domestic companies were invalid, and whether relator is entitled to a credit by reason thereof, not being determinable on the application for a writ of certiorari.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. §§ 876–883; Dec. Dig. § 493.*]

Application for writ of certiorari by the People, on the relation of the Lehigh Valley Railroad Company, against William Sohmer, as Comptroller of the State of New York. Application denied.

Kenefick, Cooke, Mitchell & Bass, of Buffalo (Edward H. Letchworth, of Buffalo, of counsel), for relator.

Thomas Carmody, Atty. Gen. (Franklin Kennedy, Deputy Atty. Gen., of counsel), for respondent.

CHESTER, J. This is an application for a writ of certiorari made upon notice to the respondent, who has filed an answering affidavit in opposition. In the petition it is shown that the relator paid taxes during the years 1905 to 1911, inclusive, assessed by the comptroller under section 182 of the Tax Law (Laws of 1909, c. 62 [Consol. Laws, c. 60]) upon the capital stock of the Lehigh & New York Railroad Company, amounting to $17,540.58, and upon the capital stock of the Lehigh Valley Railway Company, amounting to $67,110.75, aggregating $84,651.33 in all. The taxes were paid by the relator for the reason that during the years in question it was operating the railroads of each of the other two companies under a lease of each of them for 999 years, and also owned a controlling interest in the stock of each of such companies and because of a covenant in the leases that it would pay all taxes that were assessed against the lessor companies.

Each of said other companies is a domestic railroad corporation, while the relator is a foreign railroad corporation, and, prior to the hearing before the comptroller on an application for a revision and

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes-

readjustment of such taxes, each of said other companies assigned to the relator all its interest in any refunds and credits then or thereafter due or accrued from the comptroller or the state arising out of the payments made by the relator to the state during the years in question, upon the taxes assessed against such two other companies, based upon capital stock employed in the state.

The comptroller has now audited and determined an account against the Lehigh Valley Railroad Company, the relator, for taxes on its franchise or business, based on its capital stock employed in the state under section 182 of the Tax Law, for each of said years, amounting in the aggregate to $76,157.23. On an application for revision or readjustment, the comptroller revised such tax for the seven years in question, by reducing it from the sum of $76,157.23 to the sum of $73,220.46, and refused to credit the relator with the taxes paid by it for the same years assessed against the Lehigh Valley Railway Company and the Lehigh & New York Railroad Company, and it is this tax so assessed against the relator that it seeks to review under the writ of certiorari asked for.

[1] Section 200 of the Tax Law provides that no certiorari to review any audit and statement of an account or any determination of the comptroller shall be granted without 30 days' previous notice of the application, and, further, that:

"The full amount of the taxes, percentage, interest and other charges audited and stated in such account must be deposited with the state treasurer before making the application."

[2] It is conceded here that these taxes have not been deposited with the state treasurer. The relator insists, however, that it should not be compelled to make such deposit because the taxes above mentioned, assessed against the Lehigh Valley Railway Company and the Lehigh & New York Railroad Company, amounting in the aggregate to $84,651.33, were illegal and void, and that those two corporations were not properly taxable during the years in question, and that their payment by the relator was of an amount not legally due the state. It insists, therefore, that it is entitled to credit on this application to the extent of the amount so paid to offset the taxes which are sought to be brought in question pursuant to the writ asked for.

The relator urges that it must be assumed on this application that the allegation of the petition must be taken as true that the taxes assessed and paid by the two other corporations were illegal and void. That, however, is denied in the answering affidavit, and it is there insisted that the facts stated show that such tax was properly assessed and paid. I think under such circumstances, the court is not to assume the invalidity of the taxes, although it is so alleged in the petition, and that the question of the validity or invalidity of the taxes should not be determined until after the issuance of a writ and the filing of a return thereto, bringing before the court the entire record when the whole matter as to those taxes, as well as the taxes more directly brought in question if the writ is issued, may be determined.

The remedy by writ of certiorari to review a tax of this character

is purely statutory, and is found in section 199 of the Tax Law. Section 200, as above stated, requires as a condition precedent that the tax sought to be reviewed must be deposited with the state treasurer before making the application.

It seems to me clear that on this application the court should not hold whether the taxes assessed and paid by the two other companies were valid or void, for the reason above stated, and therefore it cannot be properly held that the relator is entitled to a credit on the taxes now sought to be reviewed, because of the payment by it of the taxes against the other two companies, which it now claims were illegally assessed and paid.

While there are authorities that a corporation which pays illegal taxes to the comptroller under the provision of the Tax Law is entitled to have him credit it with the illegal amount upon subsequent valid taxes (People ex rel. Edison Company v. Wemple, 133 N. Y. 617, 30 N. E. 1002), yet no authority has been called to my attention which requires that to be done upon a disputed claim of the invalidity of the tax. Nor is there any provision in the Tax Law requiring or justifying it in such a case.

The only provision in the statute for a credit is in section 198 of the Tax Law, which applies only to a case where there has been a revision or readjustment of the account for taxes by the comptroller, and he has found the assessment to be illegal or excessive. Then a credit can be allowed, but that is not this case.

If, as relator claims, the taxes against the other two companies were unlawfully exacted, it may be a harsh rule which prevents it from now having a credit for such taxes, but as the authority for the review now asked is wholly statutory and the case presented has not been provided for in the statute, it seems impossible to relieve it from the necessity of making the deposit required by law before the writ can issue.

The application must therefore be denied.

Application denied.